**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

|  |  |  |
|---|---|---|
| DAVID BRYAN HANSLICK MORAN, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, | ) | No. 1:26-cv-00083-CMS |
| STE. GENEVIEVE COUNTY | ) | |
| DETENTION CENTER, | ) | |
| et al., | ) | |
| | ) | |
| *Respondents.* | ) | |
| | ) | |

## MEMORANDUM AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

David Bryan Hanslick Moran, a citizen of Peru, is currently detained awaiting immigration proceedings. (Doc. 1 at 1). Hanslick Moran petitions the Court for a writ of habeas corpus, asking the Court to: (1) find that his continued detention without an individualized bond hearing violates his Fifth Amendment Due Process rights; (2) order the Government to conduct a Credible Fear Interview; (3) find that inadequate medical care and punitive conditions of confinement make his confinement unconstitutional and therefore illegal; and (4) find that his continued confinement has resulted in extraordinary family hardship. (Doc. 1 at 6-7).

For the reasons stated below, the Court denies the petition for a writ of habeas corpus. (Doc. 1).

### Factual Background

The facts are not in dispute. Hanslick Moran is neither a citizen nor a national of the United States; he is a citizen of Peru. (Doc. 5-1). He entered the United States without

1

inspection on June 2, 2022, near Eagle Pass, Texas. (Doc. 5-1 at 2). Border Patrol Agents arrested Hanslick Moran on that date after determining that he had "no legal right to enter or remain in the United States." (Doc. 5-1 at 2). On June 7, 2022, Hanslick Moran was paroled pursuant to § 212(d)(5)(a) of the Immigration and Nationality Act. (Doc. 5-1 at 4). On March 19, 2026, a Notice to Appear was issued to Hanslick Moran. (Doc. 5-1 at 6). Hanslick Moran was detained by Immigration and Customs Enforcement and is now in custody at the Ste. Genevieve County Detention Center. (Doc. 5-1 at 6).

Hanslick Moran, acting *pro se*, filed this 28 U.S.C. § 2241 habeas petition on April 20, 2026, alleging that his detention violated the "Constitution, laws or treaties of the United States" on the four grounds listed above. (Doc. 1 at 7). In addition, Hanslick Moran filed an "Emergency Motion to Stay Transfer" but does not allege when or where he would be transferred. (Doc. 2).

## Analysis

*Petitioner Hanslick Moran's Detention Does Not Violate the Fifth Amendment.*

Petitioner first alleges that his detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment. (Doc. 1 at 7). The Due Process Clause applies to aliens "whether their presence here is lawful, unlawful, temporary, or permanent[.]" *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The Supreme Court has approved mandatory detention of deportable criminal aliens pending removal proceedings. *Demore v. Kim*, 538 U.S. 510, 527–28 (2003).

Here, Petitioner is being held pursuant to 8 U.S.C. § 1225 as an "applicant for admission." So no individualized bond hearing is required. *Avila v. Bondi*, 170 F.4th 1128 (8th Cir 2026); *see also, e.g., Negrete Ramirez v. Noem*, 2026 WL 251725, at *4 (E.D. Mo.

Jan. 30, 2026); *Zhuang v. Bondi*, 2026 WL 352872, at \*4–5 (E.D. Mo. Feb. 9, 2026). This Court previously has analyzed this claim and concluded that mandatory detention under 8 U.S.C. § 1225 does not violate due process. *See Negrete Ramirez*, 2026 WL 251725, at \*4–5 (citing *Demore v. Kim*, 538 U.S. 510, 527–28 (2003)). Thus, Respondents have not denied Hanslick Moran due process by detaining him without a bond hearing pending removal proceedings. Ground 1 is denied.

*Petitioner's Request for a Credible Fear Interview Is Not Cognizable under § 2241.*

As the Supreme Court has noted, "'[h]abeas is at its core a remedy for unlawful executive detention.'" *Dept. of Homeland Sec'ty v. Thuraissigiam*, 591 U.S. 103, 119 (2020) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)) (alteration in original). "It is clear … from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 483 (1973).

The problem for Hanslick Moran is that the remedy he is seeking—a credible fear interview—would not necessarily result in his release from custody. The asylum process in these circumstances proceeds as follows: "If an immigration officer determines that an alien… who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title and the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer under subparagraph (B)." 8 U.S.C. 1225(b)(1)(A)(ii). Then, an "asylum officer shall conduct interviews of aliens referred under subparagraph (A)(ii), either at a port of entry or at such other place designated by the

Attorney General." *Id.* at 1225(b)(1)(B)(i).  If the "officer determines at the time of the interview that an alien has a credible fear of persecution… the alien *shall be detained* for further consideration of the application of asylum." *Id.* at 1225(b)(1)(B)(ii) (emphasis added). If, on the other hand, the officer determines that the alien does not have a "credible fear of persecution," *id.* at 1225(b)(1)(B)(iii)(I), "the alien shall be detained pending a final determination of credible fear of persecution, and if found not to have such a fear, until removed." *Id.* at 1225(b)(1)(B)(iii)(IV).

In short, the relief requested by Hanslick Moran is an order requiring the Government to conduct a credible fear interview. But because a credible fear interview would result only in his continued detention or his removal from this country, Hanslick Moran cannot bring this claim in a § 2241 action. Ground 2 is denied.

*Grounds 3 and 4 Are Not Cognizable under § 2241*
*and Fail Even if Recharacterized as Other Claims.*

In Ground 3 of his petition, Hanslick Moran alleges that he has been denied adequate medical treatment for persistent abdominal and throat pain. A habeas petition "is not the proper claim to remedy [an] alleged injury" related to "the conditions of [a person's] confinement." *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014).

In Ground 4 of his petition, Hanslick Moran alleges that his confinement has resulted in hardship to his family. Because this claim similarly does not challenge the validity or length of his detention, a writ of habeas corpus is not a proper remedy. *Kruger v. Erickson*, 77 F.3d 1071, 1073, (8th Cir. 1996) (per curiam) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)).

Still, in *Spencer*, 774 F.3d at 471, the Eighth Circuit construed the petitioner's *pro se* petition liberally and "recharacterize[d]" his claim "into the correct procedural vehicle for the

claim asserted." The *Spencer* court relied on *Papantony v. Hedrick*, 215 F.3d 863 (8th Cir. 2000), in which the court "recognized the petitioner was a pro se petitioner and, as such, should not unreasonably be subjected to stringent procedural niceties." *Spencer*, 774 F.3d at 471 (quoting *Papantony*, 795 F.3d at 865) (internal alterations omitted); *see also Young v. Armontrout*, 795 F.2d 55 (8th Cir. 1986); *but see Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)) (refusing to "construct a legal theory for plaintiff that assumes facts that have not been pleaded").

Even if this Court were to attempt to "recharacterize" Hanslick Moran's Grounds 3 and 4 into the "correct procedural vehicle," those claims would fail.

The Court supposes the correct procedural vehicle for Hanslick Moran's claim of inadequate medical care in Ground 3 is a claim pursuant to 42 U.S.C. § 1983 and/or a *Bivens*[1] claim. The Eighth Amendment's "prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Mitchell v. Saint Louis County, Missouri*, 160 F.4th 950, 957 (8th Cir. 2025) (quoting *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000)). As the description of such a claim suggests, to adequately plead a claim for deliberate indifference to serious medical needs, the petitioner must allege that (1) he was suffering from an "objectively serious medical need," and (2) each particular defendant "actually knew of but deliberately disregarded" the serious medical need. *Id.* (citing *Jackson v. Buckman,* 756 F.3d 1060, 1065 (8th Cir. 2014)).

An "objectively serious medical need" is a medical condition that has been "diagnosed by a physician as requiring treatment" or was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (citing *Jackson*, 756 F.3d at 1065). Hanslick Moran has not alleged that his "persistent abdominal and throat pain" has

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

been diagnosed by a physician. Nor are his vague allegations of pain sufficient to put a layperson on notice that Hanslick Moran required medical assistance. *See Jones v. Minn. Dept. of Corrections*, 512 F.3d 478, 482 (8th Cir. 2008) (finding that being "unable to stand or walk under" inmate's own power, "google-eyed and unresponsive," "rolling on the ground while grunting and groaning", "bleeding from the mouth", smelling of urination, and "breathing at a very rapid rate" were not sufficiently obvious signs of a serious medical issue); *Grayson v. Ross*, 454 F.3d 802, 810 (8th Cir. 2006) (finding no objectively serious need where inmate's methamphetamine use resulted in death but inmate's behavior did not make obvious to a layperson that inmate required immediate medical attention); *see also Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir.1994) (finding insufficient evidence of serious medical need when medical need claimed is based on bare assertion of inmate).

Additionally, Hanslick Moran has not plausibly alleged that either of the named Defendants—the Warden and the Attorney General—had actual knowledge of his medical needs. The petition does not identify which officials Hanslick Moran told he was in need of medical assistance. "The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability" under § 1983 or *Bivens* in this context. *Estate of Rosenberg by Rosenberg v. Crandall,* 56 F.3d 35, 37-38 (8th Cir. 1995) (citing *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987). Therefore, even construed liberally and recast as a § 1983 claim, Hanslick Moran's petition does not plausibly allege Defendants' deliberate indifference to an objectively serious medical need.

As for Hanslick Moran's claim in Ground 4 that his family has suffered hardship from his confinement, the Court frankly is at a loss for the "correct procedural vehicle" for that claim or how it would be cognizable. Certainly, the Court has serious doubts about

Hanslick Moran's ability to bring such a claim on behalf of his minor children *pro se*. "Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves." *Crozier for A.C. v. Westside Comm. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020). No exception to this rule "has ever been recognized for a lawsuit based on § 1983 or general state tort law." *Id.* (quoting *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010)).

For these reasons, even as recharacterized, Grounds 3 and 4 are denied.

### Conclusion

**IT IS HEREBY ORDERED** that Hanslick Moran's petition for a writ of habeas corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Hanslick Moran's "Emergency Motion to Stay Transfer" (Doc. 2) is denied as moot.

Dated this 11th day of June, 2026.

_____

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE